## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GigaMonster Networks, LLC, *et al.*<br><br><br>Debtors. | Chapter 11<br>Case No. 23-10051 (JKS)<br>Jointly Administered<br><br>**Objection Deadline: January 31, 2023**<br>**Hearing Date: February 7, 2023 at 3:00 p.m.**<br>**Re: D.I. 12** |

**OBJECTION OF CIGNA TO MOTION OF THE DEBTORS FOR ENTRY OF ORDERS: (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF (X) STALKING HORSE ASSETS AND (Y) OTHER ASSETS, (B) AUTHORIZING THE DEBTORS TO ENTER INTO STALKING HORSE AGREEMENT FOR STALKING HORSE ASSETS AND TO PROVIDE BID PROTECTIONS THEREUNDER, (C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF</u>**

Cigna Health and Life Insurance Company ("Cigna") hereby objects to the Sale Procedures (defined below) proposed by the *Motion of the Debtors for Entry of Orders: (I)(A) Approving Bidding Procedures for the Sale of (X) Stalking Horse Assets and (Y) Other Assets, (B) Authorizing the Debtors to Enter into Stalking Horse Agreement for Stalking Horse Assets and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 12] ("Sale Motion"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. Cigna and Debtors are parties to an Administrative Services Contract (Level Funding) and a Stop Loss Policy (jointly, the "Cigna Agreements") that allow the Debtors to be self-insured for their employee healthcare benefit plan. Under the Agreements, Cigna processes medical and pharmaceutical claims of Debtors' employees ("Employee Healthcare Claims"), and the Debtors fund Employee Healthcare Claim payments to healthcare providers.

2. Pursuant to the Sale Motion, Debtors seek this Court's approval for the sale of substantially all of their assets ("Sale") to one or more to-be-determined buyers ("Purchaser"). The Debtors initially seek approval of procedures governing the Sale process ("Sale Procedures").

3. The Sale Procedures include procedures for the assumption and assignment of certain of Debtors' executory contracts to the Purchaser as part of the Sale. No list of the executory contracts sought to be assumed and assigned as part of the Sale is included in the Motion. Instead, the Debtors propose to provide various notices to the non-Debtor parties to executory contracts ("Contract Counterparties").

4. The Sale Motion proposes that, within two (2) days after the entry of an order approving the Sale Procedures, the Debtors will file and serve a Potential Assumption and Assignment Notice[1] with a Contracts Schedule listing Potential Assumed Contracts that "may" be assumed and assigned as part of the Sale, and proposed cure amounts for each. Sale Motion, ¶ 34. The Motion expressly states that the contracts listed in this Notice <u>may or may not</u> be assumed and assigned as part of the Sale. *Id*.

5. The Sale Motion also proposes that the Debtors may file a Supplemental Assumption and Assignment Notice if the Debtors wish to add contracts to the Contracts

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Sale Motion.

Schedule, and/or modify previously-proposed cure amounts. Sale Motion, ¶ 39. No deadline for filing a Supplemental Assumption and Assignment Notice is proposed. Regardless, the Contracts Schedule on any such Notice will be subject to the Sale Motion's unequivocal caveat that contracts on that Schedule <u>may or may not be</u> assumed and assigned as part of the Sale. Sale Motion, ¶ 34.

6.  The proposed Sale Procedures do not require the Debtors to provide notice of the Contracts actually proposed to be assumed and assigned to the Purchaser ("Assumed Contracts") prior to the hearing for approval of the Sale ("Sale Hearing"), or even prior to the closing of the Sale ("Closing"). Contract Counterparties will receive no definitive notice of their inclusion in or exclusion from the list of Assumed Contracts prior to the Closing.

7.  At bottom, the Sale Motion seeks this Court's approval of a process that will give the Debtors *carte blanche* authority with which it can assume and assign any or all of its contracts without meaningful notice to Contract Counterparties prior to the hearing where approval of such assumption and assignment will be sought.

## **OBJECTION**

8.  Cigna objects to the proposed Sale Procedures because, *inter alia*, they do not provide for adequate and definitive notice of the proposed disposition of the Cigna Agreements in the context of the Sale.

9.  The proposed Sale Procedures seek this Court's approval of the potential assumption and assignment of a subset of the Debtors' executory contracts that will be undefined as of the Sale Hearing. Further, the proposed Sale Procedures would permit the universe of Assumed Contracts to remain fluid until an undefined period after Closing, and would provide for no meaningful notice of disposition to Contract Counterparties. The process proposed by the

Debtors will leave Cigna with no certainty as to the proposed disposition of the Cigna Agreements in the context of the Sale, even after the entry of the Sale Order that will authorize such disposition. This is directly contrary to the letter and spirit of Rule 6006(f)(2) of the Federal Rules of Bankruptcy Procedure.

10. Because the Cigna Agreements provide Cigna that should not be disrupted without substantial notice, definitive notice of Debtors' intention with regard to the Cigna Agreements must be provided prior to the Sale Hearing, and far in advance of Closing.[2] The proposed Sale Procedures should be altered to provide that written, unequivocal and irrevocable notice of proposed disposition of the Cigna Agreements must be provided to Cigna and its undersigned counsel at least five (5) business days prior to the Sale Hearing. This requirement is neither difficult nor onerous. Under the proposed Sale Procedures, all qualified bids must "identify with particularity. . . all executory contracts and unexpired leases to be assumed and assigned…." Sale Motion, Exhibit 1, § II(b).

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies the approval of the proposed Sale Procedures except as consistent with the foregoing; and (ii) grants Cigna such additional relief as this Court deems just and equitable.

Dated: January 26, 2023        CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone:   (302) 757-7300
Facsimile:    (302) 658-0380
jwisler@connollygallagher.com

#05717789        Counsel for Cigna Health and Life Insurance Company

---

[2] To be clear, Cigna does not seek to compel the assumption and assignment of the Cigna Agreements as part of the Sale. Rather, it seeks adequate notice as to whether the Cigna Agreements will or will not be assumed and assigned as part of the Sale.