**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GigaMonster Networks, LLC, *et al.*,[1] | Case No. 23-10051 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. 12** |

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

**(OTHER ASSETS)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On January 17, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of the Debtors for Entry of Orders: (I)(A) Approving Bidding Procedures of the Sale of the Stalking Horse Assets and Other Assets, (B) Authorizing the Debtors to Enter Into the Stalking Horse Agreement for Stalking Horse Assets and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief*, Docket No. 12 (the "Combined Sale/Bidding Procedures Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On February 8, 2023, the Court entered the *Order (I) Approving Bidding Procedures and Bid Protections in Connection with the Sale of the Stalking Horse Assets and Other Assets, (II) Scheduling Bid Deadlines and the Auction, (III) Approving Form and Manner of Notice Thereof, and (IV) Granted Related Relief,* Docket No. 113 (the "Bidding Procedures Order"), which, among other things, approved the (a) Bidding Procedures pursuant to which the Debtors will solicit and select the highest and otherwise best offer for the sale (the "Sale") of the Debtors' Stalking Horse Assets (the "Stalking Horse Assets") and the Debtors' other assets (the "Other Assets"), (b) the form and manner of notice related to the Sale, (c) the procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale, including, without limitation, notice of proposed cure amounts (the "Assumption and Assignment Procedures"), and

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number, are: GigaMonster Networks, LLC (2854); Gigasphere Holdings, LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications, LLC (0163); and Fibersphere Communications of CA, LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

(d) scheduled the hearing (the "Sale Hearing")[2] to enter an order approving the Sale of the Stalking Horse Assets to either Bel Air Internet LLC and Everywhere Wireless, LLC (the "Stalking Horse Bidder") or such other Successful Bidder, and to enter an order approving the Sale(s) of the Other Assets to one or more Successful Bidders (each a "Sale Order") for **March 2, 2023 at 1:00 p.m. (prevailing Eastern Time)**.

The Combined Sale/Bidding Procedures Motion also provides for the potential assumption and assignment of certain of the Debtors' executory contracts and unexpired leases (each, a "Potential Assumed Contract" and collectively, the "Potential Assumed Contracts") to the party that submits the highest and best bid for the Other Assets at an Auction that is accepted by the Debtors and approved by the Bankruptcy Court (the "Successful Bidder").

A schedule listing the Potential Assumed Contracts that may potentially be assumed and assigned as part of the Sale of the Other Assets is attached hereto as Exhibit A (the "Contracts Schedule") and may also be viewed free of charge on the Debtors' case information website: https://cases.ra.kroll.com/GigaMonster (the "Case Management Website"), or can be requested by e-mail at: GigaMonsterInfo@ra.kroll.com, or by telephoning the claims agent toll free at: (833) 238-7383 or at +1 (646) 440-4753 for non-US calls. In addition, the Cure Amounts, if any, necessary for the assumption and assignment of such Contracts and Leases are also set forth on the Contracts Schedule. *Each "Cure Amount" listed on the Contracts Schedule represents the entire amount payable to cure all defaults (as that concept is contemplated by section 365 of the Bankruptcy Code) under the applicable Potential Assumed Contract listed on the Contracts Schedule to effectuate the assumption by the Debtors and the assignment to the Successful Bidder of such Potential Assumed Contract pursuant to section 365 of the Bankruptcy Code*. For any Potential Assumed Contract that is listed in the Contracts Schedule, the Successful Bidder may decide to (i) assume and assign the Contracts or Leases, (ii) reject the Contracts and Leases, or (iii) designate the Contracts or Leases for a limited period of time until the Successful Bidder determines whether such Potential Assumed Contract should be (a) assumed and assigned or (b) rejected.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A POTENTIAL ASSUMED CONTRACT THAT MAY BE ASSUMED AND ASSIGNED AS PART OF THE SALE.** Under the terms of the Assumption and Assignment Procedures, unless otherwise provided in the Successful Bidder's asset purchase agreement, at any time prior to the date of Closing of the Sale, the Debtors may (a) remove a Potential Assumed Contract from the Contracts Schedule or (b) modify the previously-stated Cure Amount associated with any Potential Assumed Contract. *The presence of a Potential Assumed Contract listed on Exhibit A attached hereto does not constitute an admission that such Potential Assumed Contract is an executory contract or unexpired lease or that such Potential Assumed Contract will be assumed and assigned as part of the Sale. The Debtors*

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Bidding Procedures and Bidding Procedures Order, as applicable.

*reserve all of their rights, claims and causes of action with respect to the Potential Assumed Contracts listed on <u>Exhibit A</u> attached hereto.*

IF YOU AGREE WITH THE PROPOSED CURE AMOUNTS LISTED IN **EXHIBIT A** WITH RESPECT TO YOUR POTENTIAL ASSUMED CONTRACT(S) AND OTHERWISE DO NOT OBJECT TO THE ASSUMPTION AND ASSIGNMENT OF YOUR POTENTIAL ASSUMED CONTRACT, YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION WITH RESPECT TO THE CURE AMOUNT.

Pursuant to the Assumption and Assignment Procedures, objections to the proposed assumption and assignment of a Potential Assumed Contract (an "<u>Assumption and Assignment Objection</u>"), including, without limitation, any objection relating to the Cure Amount or adequate assurance of the Successful Bidder's future ability to perform, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Amount that the Counterparty believes is required to cure defaults under the relevant Potential Assumed Contract, (d) be filed by no later than **4:00 p.m. (prevailing Eastern Time) on February 23, 2023,** and (e) be served on (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones; (ii) proposed counsel to the Committee, (a) Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas New York, New York 10036, Attn: Richard J. Bernard (richard.bernard@faegredrinker.com), and (b) Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410 Wilmington, Delaware 19801, Attn: Patrick A. Jackson (patrick.jackson@faegredrinker.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Timothy J. Fox, Jr.; (iv) counsel to DIP Lenders and Stalking Horse Bidder for the Stalking Horse Assets: (i)(a) Jones Day, 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Thomas M. Wearsch (twearsch@jonesday.com), (b) Jones Day, 100 High Street, Boston, MA 02110, Attn: John D. Casais (jcasais@jonesday.com), and (c) Jones Day, 250 Vesey Street, New York, NY 10281, Attn: Nicholas J. Morin (nmorin@jonesday.com), (ii) Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Brian P. Lenihan (blenihan@choate.com), and (iii) Delaware counsel to the DIP Lenders, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Zachary Shapiro (shapiro@rlf.com); (v) counsel to the Prepetition Lenders: counsel to Prepetition Lenders: Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017, Attn: Erin N. Brady (erin.brady@hoganlovells.com) and Chris Bryant (chris.bryant@hoganlovells.com) (collectively, the "<u>Assumption and Assignment Objection Notice Parties</u>"). In the event that any previously-stated Cure Amount are modified, the Debtors will promptly serve a Supplemental Assumption and Assignment Notice, by overnight mail and, if known, e-mail, on the applicable Counterparty.

Following the Auction, the Debtors will (a) file the Notice of Auction Results, which will, among other things, include the identity of the Successful Bidder(s) for the Other Assets, (b) post such notice on the Case Management Website, and (c) serve such notice on each Counterparty then identified on the Contracts Schedule. Each such Counterparty will then have an opportunity to object to *solely with respect* to such Successful Bidder's ability to provide adequate assurance

of future performance with respect to the Counterparty's Potential Assumed Contract (a "Post-Auction Objection"). Any Post-Auction Objection may be raised at the Sale Hearing; *provided*, *however*, that any objection to either (i) the ability of a Successful Bidder to provide adequate assurance of future performance with respect to any Potential Assumed Contract or (ii) to any Cure Amounts that must be cured by a Successful Bidder with respect to the Potential Assumed Contract, must be filed by **4:00 p.m. (prevailing Eastern Time) on February 23, 2023**.

The Court will hear and determine any Assumption and Assignment Objections and Post-Auction Objections at the Sale Hearing or such other date that the Debtors and the Successful Bidder shall determine (subject to the Court's calendar).

Any Assumption and Assignment Objection shall not constitute an objection to any of the other relief requested in the Sale Motion to be approved by a Sale Order (*e.g.*, the sale of the Other Assets by the Debtors to the Successful Bidder(s) of the Other Assets, free and clear of all liens, claims, encumbrances, and interest). Parties wishing to object to the other relief requested in the Combined Sale/Bidding Procedures Motion (excluding the relief provided in the Bidding Procedures Order) must timely file and serve a separate objection, stating with particularity such party's grounds for objection, in accordance with the objection procedures approved and set forth in the Bidding Procedures Order.

### CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*UNLESS YOU FILE AN OBJECTION TO THE CURE AMOUNT AND/OR THE ASSUMPTION OR ASSIGNMENT OF YOUR POTENTIAL ASSUMED CONTRACT IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU SHALL BE (A) BARRED FROM OBJECTING TO THE CURE AMOUNT SET FORTH ON EXHIBIT A, (B) ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE AMOUNT AGAINST THE DEBTORS OR THE SUCCESSFUL BIDDER THAT IS GREATER THAN THE CURE AMOUNT SET FORTH ON EXHIBIT A, AND (C) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND/OR ASSIGNMENT OF YOUR POTENTIAL ASSUMED CONTRACT.*

| | |
|---|---|
| Dated:  February 8, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware  19899 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:   (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| |         dbertenthal@pszjlaw.com |
| |         tcairns@pszjlaw.com |
| | |
| | *Proposed Counsel for the Debtors and Debtors in Possession* |