# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GIGAMONSTER NETWORKS, LLC, *et al.*,[1] | ) Case No. 23-10051 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket No. [~~●~~]70** |

### ORDER:  (I) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN BANK STREET GROUP LLC AS INVESTMENT BANKER TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE; (II) APPROVING THE TERMS OF THE ENGAGEMENT AGREEMENT; (III) MODIFYING CERTAIN TIMEKEEPING REQUIREMENTS; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the application (the "Application")[2] filed by the debtors

and debtors in possession in the above-captioned cases (collectively, the "Debtors" or the

"Company"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-2(h) of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), for the entry of an order (this "Order"):  (i) authorizing the Debtors to employ and retain

Bank Street Group LLC ("Bank Street") as investment banker effective as of the Petition Date in

accordance with the terms and conditions set forth in that certain letter agreement dated as of

January 12, 2023 (the "Engagement Agreement"); (ii) approving the terms of the Engagement

Agreement, including the fee and expense structure and the indemnification, contribution,

---

[1]   The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

reimbursement, and related provisions set forth therein; (iii) modifying certain information requirements of Local Rule 2016-2; and (iv) granting related relief, all as more fully set forth in the Application; and upon consideration of the Bank Street Declaration attached to the Application as Exhibit B; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Application and a hearing on the Application was sufficient under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and that the terms and conditions of Bank Street's engagement, including but not limited to the fee and expense structure set forth in the Engagement Agreement and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found that Bank Street is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are hereby authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Bank Street as their investment banker in accordance with the terms and conditions set forth in the Engagement Agreement, effective as of the Petition Date, and to pay fees and reimburse expenses to Bank Street on the terms and at the times specified in the Engagement Agreement, subject to the modifications set forth herein.

3.      The terms of the Engagement Agreement, attached hereto as Exhibit 1, are approved in all respects except as limited or modified herein.

4.      All of Bank Street's compensation set forth in the Engagement Agreement, including, without limitation, the Professional Fees and Expenses, is approved pursuant to section 328(a) of the Bankruptcy Code, and Bank Street shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

5.      None of the fees payable to Bank Street shall constitute a "bonus" or fee enhancement under applicable law.

6.      Bank Street shall file ~~a fee application for~~ interim and final applications for allowance of compensation for services and reimbursement of expenses pursuant to the

3

procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, however, that the final fee application filed by Bank Street shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

7.     Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Bank Street's request(s) for interim and final compensation based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Bank Street's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Bank Street's fees.

8.     Bank Street is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.  Among other things, Bank Street shall maintain records of services rendered for the Debtors, including summary descriptions of those services, the approximate time expended in providing those services (in half-hour (.5) increments), and the identity of the individuals who provided those services.  Bank Street shall include such records in its final fee application.

9.     The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Engagement Agreement and will

4

indemnify and hold harmless Bank Street and the other Indemnified Parties (as defined in the Engagement Agreement), pursuant to the Engagement Agreement, subject, during the pendency of the cases, to the following:

(a)    The Indemnified Parties (as defined in the Engagement Agreement) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b)    The Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from any Indemnified Party's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of any Indemnified Party's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to ~~applicable law~~ pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c)    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the Chapter 11 Cases, any of the Indemnified Parties believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and

expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

10. Notwithstanding paragraph 4(g) of the Engagement Agreement, Bank Street does not hold or trade in any securities of the Debtors and will not hold or trade any securities of the Debtors throughout the pendency of the Chapter 11 cases.

11. 10. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. 11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

13. 12. To the extent that there may be any inconsistency between the terms of the Application, the Bank Street Declaration, the Engagement Agreement, and this Order, the terms of this Order shall govern.

14. 13. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15. 14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

**Engagement Agreement**

1

Document comparison by Workshare Compare on Wednesday, February 8, 2023 6:49:38 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/241876/5 |
| Description | DOCS_DE-#241876-v5-GigaMonster_-_Bank_Street_Investment_Banker_Retention_Application |
| Document 2 ID | PowerDocs://DOCS_DE/241876/7 |
| Description | DOCS_DE-#241876-v7-GigaMonster_-_Bank_Street_Investment_Banker_Retention_Application |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 10 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 23 |