**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GIGAMONSTER NETWORKS, LLC, *et al.*,[1] | ) Case No. 23-10051 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF:
(I) PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE;
(II) ADMINISTRATIVE CLAIMS; AND (III) REJECTION DAMAGES CLAIMS**

TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:

| DEBTOR | CASE NO. |
|---|---|
| GigaMonster Networks, LLC | 23-10051 (JKS) |
| Gigasphere Holdings LLC | 23-10052 (JKS) |
| GigaMonster, LLC | 23-10053 (JKS) |
| Fibersphere Communications LLC | 23-10054 (JKS) |
| Fibersphere Communications of California LLC | 23-10055 (JKS) |

**PLEASE TAKE NOTICE THAT:**

On January 16, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On April 18, 2023, the Court entered an order [Docket No. 328] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file: (a) proofs of claim ("Proofs of Claim"), including claims by governmental units, claims

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

arising under section 503(b)(9) of the Bankruptcy Code, and Rejection Damages Claims; and (b) requests for payment of certain Administrative Claims.

For your convenience, enclosed with this notice (the "Notice") is a Proof of Claim form, which identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I. THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

> a. *The Claims Bar Date*. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim **by May 31, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"). The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims; *provided* that, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of: (a) the Claims Bar Date; or (b) 5:00 p.m. prevailing Eastern time on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

b. ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim **by July 17, 2023, at 5:00 p.m. prevailing Eastern Time** (the "Governmental Bar Date").  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c. ***The Administrative Claims Bar Date***.  Pursuant to the Bar Date Order, all claimants holding Administrative Claims against the Debtors' estates arising or deemed to be arisen on or prior to April 17, 2023 (the "Administrative Claims Deadline"), excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file a request for payment of such Administrative Claims with the Court and, if desired, a notice of hearing on such Administrative Claims, **by May 31, 2023, at 5:00 p.m. prevailing Eastern Time** (the "Administrative Claims Bar Date").

d. ***The Amended Schedules Bar Date***.  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule, or amendment or supplement to the Schedules, are required to file Proofs of Claim so that such Proofs of Claim are actually received **by the Claims and Noticing Agent by the Amended Schedules Bar Date (*i.e.*, by the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) 5:00 p.m. prevailing Eastern Time on the date that is twenty-one (21) days from the date on which the Debtors provide notice of such filing, amendment, or supplement)**.

3

  e. *The Rejection Damages Bar Date*. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are actually received **by the Claims and Noticing Agent by the Rejection Damages Bar Date (*i.e.*, by the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following entry of an order approving such rejection)**.

## II. WHO MUST FILE A PROOF OF CLAIM OR ADMINISTRATIVE CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date *must* file Proofs of Claim or Administrative Claims on or before the applicable Bar Date:

  a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

  b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

  c. any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

  d. any person or entity who believes that its claim against a Debtor is or may be an administrative expense that arises on or prior to the Administrative Claims Deadline, excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code; and

  e. any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

## III. PARTIES WHO DO NOT NEED TO FILE A PROOF OF CLAIM OR ADMINISTRATIVE CLAIM

Certain parties are not required to file Proofs of Claim. However, the Court may enter one or more separate orders at a later time requiring creditors to file Proofs of Claim. If the Court does

4

enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file Proofs of Claim:

 f. any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Kroll Restructuring Administration LLC ("Kroll") in a form substantially similar to Official Form 410;

 g. any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated"; (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

 h. any person or entity whose claim has previously been allowed by order of the Court;

 i. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

 j. any Debtor having a claim against another Debtor;

 k. any person or entity holding a claim for which a separate deadline is fixed by this Court;

 l. any person or entity holding a claim for fees and expenses of professionals retained in these chapter 11 cases;

 m. claims of the U.S. Trustee for quarterly fees; and

 n. pursuant to paragraph 43 of the *Final Order Pursuant to Sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2, (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Granting Related Relief* [Docket No. 180] (the "Final DIP Order"), the DIP Secured Parties and the Prepetition Lenders (as defined in the Final DIP Order).

**IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

5

o. *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

p. *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

q. *Original Signatures Required*.  Only *original* Proofs of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

r. *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor will be deemed as filed only against GigaMonster Networks, LLC.

s. *Claim Against Multiple Debtor Entities*.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent that more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

t. *Supporting Documentation*.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  However, if such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than ten days from the date of such request.

u. *Timely Service*.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Kroll on

6

or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court), either: (1) electronically through the interface available at https://cases.ra.kroll.com/GigaMonster/Home-Index; or (2) by first-class or overnight U.S. mail, or by other hand delivery system, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
**GigaMonster Networks, LLC Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

v. *Receipt of Service*. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit: (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll); and (ii) a self-addressed, stamped envelope.

## V. CONSEQUENCES OF FAILING TO FILE TIMELY YOUR PROOF OF CLAIM OR ADMINISTRATIVE CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity is required, but fails, to file a Proof of Claim or Administrative Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

w. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

x. THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

y. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM; AND

z. YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF SUCH CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. AMENDMENTS TO THE DEBTORS' SCHEDULES

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim on or before the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim; and (b) 5:00 p.m. prevailing Eastern Time on the date that is twenty-one (21) days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) (any such date, an "<u>Amended Schedules Bar Date</u>").

## VII. RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) designate subsequently any scheduled claim as disputed, contingent, or unliquidated; and (c) amend or supplement the Schedules otherwise.

## VIII. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth: (a) the amount of your claim (if any) as scheduled; (b) the identity of the Debtor entity against which your claim is scheduled; (c) whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed"; and (d) whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Kroll's website at https://cases.ra.kroll.com/GigaMonster/Home-Index. The Schedules and other filings in these

8

chapter 11 cases are also available for a fee at the Court's website at https://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://pacer.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' notice and claims agent, Kroll, directly by writing to: (1) if by first-class mail, to GigaMonster Networks, LLC Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or by contacting the Debtors' information line at 833.238.7838 (US/Canada, Toll-Free), +1 646.440.4753 (International), or by e-mail to GigaMonsterInfo@ra.kroll.com.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: April 19, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail:    ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           tcairns@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*

DOCS_DE:242676.8 31213/001