IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GIGAMONSTER NETWORKS, LLC, *et al.*,[1] | ) Case No. 23-10051 (JKS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**Objection Deadline: August 15, 2023 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

# FIFTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2023 THROUGH MAY 31, 2023

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of January 16, 2023 by order signed February 9, 2023 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2023 through May 31, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $257,859.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   1,350.96 |

This is a:    ☒ monthly    ☐ interim    ☐ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

DOCS_DE:243937.1 31213/001

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 04/11/23 | 01/17/23 – 01/31/23 | $304,014.00 | $11,622.17 | $243,211.20 | $11,622.17 |
| 04/18/23 | 02/01/23 – 02/28/23 | $991,725.50 | $11,753.08 | $793,380.40 | $11,753.08 |
| 07/10/23 | 03/01/23 – 03/31/23 | $934,165.25 | $ 9,606.27 | Pending | Pending |
| 07/21/23 | 04/01/23 – 04/30/23 | $361,963.50 | $ 1,600.06 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 7.50 | $13,087.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,525.00 | 17.30 | $26,382.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,450.00 | 52.30 | $75,835.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,445.00 | 0.40 | $    578.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,395.00 | 11.30 | $15,763.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,350.00 | 24.80 | $33,480.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $1,275.00 | 1.00 | $ 1,275.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 53.40 | $60,075.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,025.00 | 23.10 | $23,677.50 |
| Ian Densmore | Paralegal | $   545.00 | 13.10 | $ 7,139.50 |
| Cheryl A. Knotts | Paralegal | $   495.00 | 0.80 | $    396.00 |
| Charles J. Bouzoukis | Case Management Assistant | $   425.00 | 0.40 | $    170.00 |

**Grand Total:** $257,859.50  
**Total Hours:** 205.40  
**Blended Rate:** $1,255.40

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Asset Disposition | 78.90 | $105,133.00 |
| Bankruptcy Litigation | 58.20 | $ 68,926.50 |
| Case Administration | 5.80 | $ 3,193.50 |
| Claims Admin./Objections | 3.70 | $ 4,747.50 |
| Compensation of Professional | 1.90 | $ 1,237.00 |
| Compensation of Prof./Others | 1.10 | $ 1,153.50 |
| Executory Contracts | 19.00 | $ 23,255.50 |
| Financial Filings | 1.80 | $ 1,677.00 |
| Financing | 2.90 | $ 4,321.00 |
| Plan & Disclosure Statement | 31.80 | $ 43,780.00 |
| Tax Issues | 0.30 | $ 435.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---:|
| Working Meals | Cactus Cantina; Chelsea Tavern | $ 72.72 |
| Conference Call | AT&T Conference Call | $ 31.11 |
| Delivery/Courier Service | Advida | $ 22.50 |
| Express Mail | Federal Express | $ 90.98 |
| Court Research | Pacer | $ 67.40 |
| Postage | US Mail | $ 29.75 |
| Reproduction Expense | | $ 1.90 |
| Reproduction/ Scan Copy | | $ 97.60 |
| Research | Everlaw | $792.00 |
| Transcript | Reliable Companies | $145.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GIGAMONSTER NETWORKS, LLC, *et al.*,[1] | ) ) ) | Case No. 23-10051 (JKS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**Objection Deadline: August 15, 2023 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**FIFTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM MAY 1, 2023 THROUGH MAY 31, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about February 9, 2023 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession ("Debtors"), hereby submits its Fifth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from May 1, 2023 through May 31, 2023 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $257,859.50 and actual and necessary expenses in the amount of $1,350.96 for

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

a total allowance of $259,210.46 and payment of $206,287.60 (80% of the allowed fees) and reimbursement of $1,350.96 (100% of the allowed expenses) for a total payment of $207,638.56 for the period May 1, 2023 through May 31, 2023 (the "Fee Period"):

## Background

1. On January 16, 2023, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. An official committee of unsecured creditors (the "Committee") was appointed in these cases on or about January 30, 2023.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about February 9, 2023, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending March 31, 2023, and at three-month intervals or such other intervals

convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as counsel for the Debtors, was approved effective as of January 16, 2023 by this Court's "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of the Petition Date," signed on or about February 9, 2023 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person.

6. PSZ&J, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than among the partners, of counsel, or associates of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $850,000 in connection with the preparation of initial documents and its prepetition representation of the

Debtors.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

7.  The professional services and related expenses for which PSZ&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as attorneys for the Debtors in these chapter 11 cases.  PSZ&J's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

**Fee Statements**

8.  The fee statements for the Fee Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Fee Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

9. A summary of actual and necessary expenses incurred by PSZ&J for the Fee Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

10. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

11. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

12. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

13. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Fee Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Fee Period, are set forth in the attached Exhibit A.

14. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

15. The services rendered by PSZ&J during the Fee Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

      **A.**      **Asset Disposition**

      16.      This category relates to work regarding sales and other asset disposition issues. During the Fee Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the MC Partners Asset Purchase Agreement; (2) reviewed and analyzed issues regarding a Transition Services Agreement; (3) reviewed and analyzed *de minimis* sale issues; (4) reviewed and analyzed closing issues; (5) reviewed and analyzed sale notice issues; (6) performed work regarding the MC Partners sale order; (7) reviewed and analyzed issues regarding SkyWire; (8) reviewed and analyzed cure issues; (9) reviewed and analyzed post-closing issues; (10) attended to release issues; (11) reviewed and analyzed the Kromer cure objection; (12) reviewed and analyzed recoupment issues; (13) reviewed and analyzed issues regarding the MC Partners Asset Purchase Agreement; (14) performed work regarding an amended sale order; (15) performed work regarding a summary of cure status issues; (16) performed research; (17) reviewed and analyzed issues regarding an acknowledgement of transaction; (18) reviewed and analyzed the Mansfield cure claim; (19) reviewed and analyzed issues regarding Asset Purchase Agreement schedules: (20) performed work regarding a resolution of cure issues; (21) performed work regarding a bill of sale relating to SkyWire;

(22) performed work regarding a notice of sale of *de minimis* assets; and (23) corresponded and conferred regarding asset disposition issues.

     Fees: $105,133.00;  Hours: 78.90

  **B.**  **Bankruptcy Litigation**

   17.  This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Fee Period, the Firm, among other things:  (1) performed work regarding responses to Committee document requests, including performing document searches and reviewing and analyzing documents; (2) reviewed and analyzed confidentiality issues; (3) reviewed and analyzed relevance and privilege issues regarding documents to be produced to the Committee; (4) attended to scheduling issues; (5) performed work regarding Agenda Notices and Hearing Binders; (6) performed work regarding an Omnibus Hearing Order; and (7) corresponded and conferred regarding bankruptcy litigation issues.

     Fees: $68,926.50;  Hours: 58.20

  **C.**  **Case Administration**

   18.  This category relates to work regarding administration of these cases. During the Fee Period, the Firm, among other things, maintained a memorandum of critical dates, and maintained document control.

     Fees: $3,193.50;  Hours: 5.80

  **D.**  **Claims Administration and Objections**

   19.  This category relates to work regarding claims administration and claims objections.  During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed

issues regarding an Arizona tax claim; (2) reviewed and analyzed issues regarding administrative claims; and (3) corresponded regarding claim issues.

Fees:  $4,747.50;    Hours:  3.70

### E.    Compensation of Professionals

20.    This category relates to issues regarding the compensation of the Firm. During the Fee Period, the Firm, among other things, performed work regarding its January and February 2023 fee applications.

Fees:  $1,237.00;    Hours:  1.90

### F.    Compensation of Professionals--Others

21.    This category relates to issues regarding the compensation of professionals, other than the Firm.  During the Fee Period, the Firm, among other things, performed work regarding the Novo Advisors fee statement and reviewed and analyzed issues regarding a Committee professionals' fee application.

Fees:  $1,153.50;    Hours:  1.10

### G.    Executory Contracts

22.    This category relates to issues regarding executory contracts and unexpired leases of real property.  During the Fee Period, the Firm, among other things: (1) reviewed and analyzed issues regarding DirecPath; (2) reviewed and analyzed issues regarding AT&T; (3) reviewed and analyzed issues regarding rejection of contracts and a rejection list; (4) reviewed and analyzed issues regarding Salesforce; (5) reviewed and analyzed rejection procedures issues; (6) reviewed and analyzed cure issues; (7) performed work regarding

a First rejection notice; (8) reviewed and analyzed issues regarding assumed contracts; and (9) corresponded and conferred regarding lease and contract issues.

        Fees: $23,255.50;    Hours: 19.00

### H. Financial Filings

23. This category relates to issues regarding compliance with reporting requirements. During the Fee Period, the Firm, among other things: (1) reviewed and analyzed United States Trustee fee issues; (2) performed work regarding Monthly Operating Reports; and (3) corresponded regarding financial filings issues.

        Fees: $1,677.00;    Hours: 1.80

### I. Financing

24. This category relates to issues regarding Debtor in Possession financing and use of cash collateral. During the Fee Period, the Firm, among other things: (1) reviewed and analyzed budget issues; (2) reviewed and analyzed the final financing order regarding extension issues; and (3) corresponded regarding financing issues.

        Fees: $4,321.00;    Hours: 2.90

### J. Plan and Disclosure Statement

25. This category relates to issues regarding Plan of Reorganization ("Plan") and Disclosure Statement issues. During the Fee Period, the Firm, among other things: (1) performed work regarding a draft Disclosure Statement: (2) performed work regarding a motion to extend the exclusivity periods; (3) performed research; (4) performed work regarding a

draft Plan; (5) reviewed and analyzed exculpation and release issues; and (6) corresponded and conferred regarding Plan and Disclosure Statement issues.

Fees: $43,780.00;    Hours: 31.80

### K.    Tax Issues

26.    This category relates to work regarding tax issues. During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding Arizona tax filings.

Fees: $435.00;    Hours: 0.30

### Valuation of Services

27.    Attorneys and paraprofessionals of PSZ&J expended a total 205.40 hours in connection with their representation of the Debtors during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 7.50 | $13,087.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,525.00 | 17.30 | $26,382.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,450.00 | 52.30 | $75,835.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,445.00 | 0.40 | $    578.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,395.00 | 11.30 | $15,763.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,350.00 | 24.80 | $33,480.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $1,275.00 | 1.00 | $ 1,275.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 53.40 | $60,075.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,025.00 | 23.10 | $23,677.50 |
| Ian Densmore | Paralegal | $ 545.00 | 13.10 | $ 7,139.50 |
| Cheryl A. Knotts | Paralegal | $ 495.00 | 0.80 | $ 396.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 0.40 | $ 170.00 |

**Grand Total:** $257,859.50
**Total Hours:** 205.40
**Blended Rate:** $1,255.40

28. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Fee Period is $257,859.50.

29. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 9, 2023 and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of May 1, 2023 through May 31, 2023, an interim allowance be made to PSZ&J for compensation in the amount of $257,859.50 and actual and necessary expenses in the amount of $1,350.96 for a total allowance of $259,210.46 and payment of $206,287.60 (80% of the allowed fees) and reimbursement of $1,350.96 (100% of the allowed expenses) be authorized for a total payment of $207,638.56; and for such other and further relief as this Court deems proper.

Dated: July 25, 2023        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*_____
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          tcairns@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*

## DECLARATION

STATE OF DELAWARE            :
                             :
COUNTY OF NEW CASTLE    :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 9, 2023 and submit that the Application substantially complies with such Rule and Order.

*/s/ Laura Davis Jones*
Laura Davis Jones