# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GIGAMONSTER NETWORKS, LLC, *et al.*,[1] | ) Case No. 23-10051 (JKS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. ___** |

**OMNIBUS ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE AS OF THE REJECTION DATES, AND (II) GRANTING RELATED RELIEF**

Upon the omnibus motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6006 (the "Bankruptcy Rules"): (a) authorizing the rejection of the executory contracts listed on **Schedule 1** attached hereto, including any including amendments, modifications, addenda, or supplements thereto (collectively, the "Contracts"), with the counterparties to the Contracts (the "Counterparties"), effective as of the applicable rejection dates identified in **Schedule 1** attached hereto (each, a "Rejection Date" and collectively, the "Rejection Dates"); and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

[2] Capitalized terms used in this Order but not otherwise defined have the meanings given in the Motion.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Each of the Contracts set forth on **Schedule 1** attached hereto is rejected effective as of the Rejection Date listed on **Schedule 1**.

3. Any proofs of claim for rejection damages or other related claims, if any, asserted by any counterparties shall be filed on or before the later of: (i) any claims bar date established by the Court in these chapter 11 cases, if any; and (ii) thirty (30) days after entry of this Order. The Debtors reserve all rights to contest any rejection damages claim and to contest the characterization of each Contract. If the Debtors have deposited monies with a counterparty to a Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of the Court.

4. The Debtors do not waive any claims that they may have against the counterparty to any Contract, whether or not such claims are related to such Contract.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# SCHEDULE 1

**Contracts**

| No. | Contract Party | Contract Counterparty | Contract Title | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|
| 1. | GigaMonster Networks, LLC | AT&T<br>311 S Akard<br>Dallas, TX 75202<br><br>AT&T Corp<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | AT&T Multi-Service Agreement and any subsequent Amendments | N/A | 8/22/2023 |
| 2. | GigaMonster Networks, LLC | AT&T<br>754 Peachtree Street NE<br>Atlanta, GA 30038<br><br>AT&T Corp<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | AT&T Switched Ethernet Service Pricing Schedule and any subsequent Amendments | N/A | 8/22/2023 |
| 3. | GigaMonster Networks, LLC | AT&T<br>2180 Lake Blvd<br>Atlanta, GA 30319<br><br>AT&T Corp<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | AT&T Switched Ethernet Service with Network on Demand Pricing Schedule and any subsequent Amendments | N/A | 8/22/2023 |
| 4. | GigaMonster Networks, LLC | AT&T Corp<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | AT&T Business Local Calling ILEC Confirmation of Service Order ID 8714923 and any subsequent Amendments | N/A | 9/15/2023 |
| 5. | GigaMonster Networks, LLC | AT&T<br>754 Peachtree Street NE<br>Atlanta, GA 30038<br><br>AT&T Corp<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | AT&T Business Local Calling ILEC Confirmation of Service Order ID 2161917 and any subsequent Amendments | N/A | 9/15/2023 |
| 6. | GigaMonster Networks, LLC | Level 3 n/k/a CenturyLink Communications, LLC d/b/a Lumen Technologies Group Legal Notices<br>931 14th St., #900<br>Denver, CO 80202 | Level 3 n/k/a CenturyLink Communications, LLC d/b/a Lumen Master Service Agreement and any subsequent Amendments | N/A | 8/22/2023 |
| 7. | GigaMonster Networks, LLC | Zayo Group, LLC<br>Office of the General Counsel | General Terms and Conditions to the Master | N/A | 8/22/2023 |

DOCS_DE:244348.1

|  |  | 1821 30th St., Suite A Boulder, CO 80301 | Products and Services Agreement ("MPSA") |  |  |
|---|---|---|---|---|---|
| 8. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | 1st Amendment to MPSA | N/A | 8/22/2023 |
| 9. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | Addendum to 1st Amendment to MPSA | N/A | 8/22/2023 |
| 10. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | Customer Schedule Dark Fiber (tied to MPSA) | N/A | 8/22/2023 |
| 11. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | Pricing Addendum (tied to MPSA + Customer Schedule Dark Fiber) | N/A | 8/22/2023 |
| 12. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | Carrier Account MSA | N/A | 8/22/2023 |
| 13. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | Indefeasible Right of Use Agreement and Master Service Agreement Dark Fibers | N/A | 8/22/2023 |
| 14. | GigaMonster Networks, LLC | Zayo Group, LLC Office of the General Counsel 1821 30th St., Suite A Boulder, CO 80301 | Addendum to Indefeasible Right of Use Agreement and Master Service Agreement Dark Fibers | N/A | 8/22/2023 |