**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GIGAMONSTER NETWORKS, LLC, *et al.*,[1] | ) Case No. 23-10051 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 522** |

**ORDER AUTHORIZING AND APPROVING**
**THE SALE OF CERTAIN *DE MINIMIS* ASSETS TO BAI GM, LLC**

Upon consideration of the *Certification of Counsel Regarding Order Authorizing and Approving the Sale of Certain De Minimis Assets to BAI GM, LLC* (the "COC") and the *Notice of Sale of De Minimis Assets* [Docket No. 522] (the "Sale Notice") filed by the above-captioned debtors (the "Debtors"); and the Court having reviewed the COC and Sale Notice; and due and sufficient notice of the Sale Notice having been given pursuant to the Court's *Order Approving Procedures for the Sale or Abandonment of De Minimis Assets* [Docket No. 325]; and the Court having determined that the sale of the De Minimis Assets described in the Sale Notice is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon, it is hereby,

ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Debtors are authorized, but not directed, to consummate the Sale (as defined in the Sale Notice).

---

[1]    The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

2.      The Sale is hereby deemed final and fully authorized by the Court, and

shall be free and clear of all Liens, with such Liens attaching only to the sale proceeds with the

same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to

the Sale, subject to the rights, claims, defenses, and obligations, if any, of the Debtors, the

Debtors' estates, and all interested parties with respect to such asserted Liens.

3.      The De Minimis Assets are being sold on an "as-is, where-is" basis, with

all faults, and with no representations or warranties, either written or oral, express or implied,

from the Debtors or their estates.

4.      Equinix Inc.'s Limited Objection to Notice of Sale of De Minimis Assets

[D.I. 531] (the "Equinix Limited Objection") is resolved as set forth in this paragraph.  Any

capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it

in the Equinix Limited Objection. Access to Equinix's data centers shall be subject to Equinix's

security procedures and any applicable MSA. Unless otherwise specified in this paragraph, the

Debtors shall comply with the applicable MSA in all respects related to Equinix, including their

insurance obligations. Equinix retains all rights to assert claims against the Debtors' estates and

the Buyer. The Court hereby retains jurisdiction to hear and determine any disputes or claims

between the Debtors, Equinix, or the Buyer.

5.      The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

6.      Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and

enforceable immediately upon entry and its provisions shall be self-executing.

7.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: September 20th, 2023**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE