# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| GIGAMONSTER NETWORKS, LLC, *et al.*[1] | ) ) ) | Case No. 23-10051 (JKS) (Jointly Administered) |
| Debtors. | ) ) ) ) | **Objs due: Dec. 4, 2023, 5:00 p.m. (ET)** **Hearing: TBD** |

## APPLICATION OF VERIZON BUSINESS NETWORK SERVICES LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Verizon Business Network Services LLC ("Verizon Business"), by and through undersigned counsel, files this Application for Allowance and Payment of Administrative Expense Claim against GigaMonster Networks, LLC, *et al.* (the "Debtors"). In support of its Application, Verizon Business states the following:

### BACKGROUND

1. On January 16, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532.

2. Prior to the Petition Date, Verizon Business and GigaMonster Networks, LLC were party to a Master Service Agreement (as supplemented and amended, the "Verizon Agreement") pursuant to which Verizon Business provided telecommunications services to the Debtors (the "Services").

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

CORE/0048629.1336/185518085.1
ME1 46684716v.1

3. After the Petition Date, Verizon Business continued to provide the Services to the Debtors' estates.

4. On January 17, 2023, the Debtors filed the Motion for Entry of Orders: (I)(A) Approving Bidding Procedures for the Sale of (X) Stalking Horse Assets and (Y) Other Assets, (B) Authorizing the Debtors to Enter Into Stalking Horse Agreement for Stalking Horse Assets and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Dkt. No. 12] (the "Sale Motion").

5. On February 8, 2023, the Court entered an order approving the bidding and sale procedures requested in the Sale Motion [Dkt. No. 113] (the "Bidding Procedures Order").

6. On February 28, 2023, pursuant to the Bidding Procedures Order, the Debtors conducted an Auction and determined SkyWire Holdings, Inc. as the successfully bidder for certain of the Debtors' operating assets.

7. On March 3, 2023, the Court entered the Order (I) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith and (III) Granting Related Relief [Dkt. No. 235] (the "Sale Order"). On March 14, 2023, the sale to SkyWire Holdings, Inc. (the "SkyWire Sale") closed. The Verizon Agreement was not assumed and assigned in the SkyWire Sale.

8. Following the closure of the SkyWire Sale, the Debtors worked to liquidate additional assets. On May 11, 2023, the Debtors obtained court approval of a sale to Bel Air Internet LLC and Everywhere Wireless, LLC of assets that were not included within the SkyWire Sale. The Verizon Agreement was not included in these additional asset sales.

9. On September 7, 2023, the Debtors filed the Fifth Notice of Rejection of Certain Executory Contracts and Unexpired Leases, and Abandonment of Property in Connection therewith (the "Rejection Notice") [Dkt No. 526]. The Verizon Agreement was listed on the Rejection Notice. The rejection date for the Verizon Agreement was listed as September 21, 2023.

10. On October 12, 2023, the Court entered the Order (I) Authorizing Debtors to: (A) Reject Certain Executory Contracts and Unexpired Leases; and (B) Abandon Property in Connection therewith; and (II) Granting Related Relief [Dkt. No. 563] (the "Rejection Order") in connection with the Rejection Notice. The Verizon Agreement was therefore rejected as of September 21, 2023.

11. Pursuant to the Rejection Order, any proofs of claim for rejection damages or other related claims asserted by any counterparties shall be filed on or before the later of (i) any claims bar date established by the Court in these chapter 11 cases, if any; and (ii) thirty (30) days after entry of the Rejection Order.

12. On April 18, 2023, the Court entered an order [Docket No. 328] (the "Bar Date Order") establishing, among other things, May 31, 2023 as the last day to file requests for payment of certain administrative expenses arising, or deemed to have arisen, on or after the Petition Date and on or prior to April 17, 2023.

13. Verizon Business is owed $85,657.87 for services Verizon Business provided to the Debtors between April 18, 2023 and September 21, 2023.

**RELIEF REQUESTED AND BASIS THEREFORE**

14.     Verizon Business seeks entry of an order allowing its administrative expense claim against the Debtors and directing payment of such post-petition amounts due and owing Verizon Business under the Verizon Agreement.

15.     Verizon Business is owed $85,657.87 for Services provided to the Debtors' estates from April 17, 2023 to September 21, 2023.  A summary statement of account is attached hereto as Exhibit A.[2]

16.     Verizon Business is entitled to allowed administrative expense status for the value of the Services provided to the Debtors from April 17, 2023 through the rejection date.  As described herein, such post-petition Services were necessary and benefited the Debtors' estates because they provided the Debtors with essential telecommunications services.  The Services provided to the Debtors by Verizon Business were used, and continued to be used, by the Debtors after the Petition Date.

17.     Administrative expense status for the post-petition Services provided to the Debtors by Verizon Business in the aggregate total amount of $85,657.87 is warranted under §§ 503(a) and (b) of the Bankruptcy Code, which provide as follows:

> (a) [a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.
>
> (b) [a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including-
>
>> (1)(A) the actual, necessary costs and expenses of preserving the estate…

---

[2] Copies of the invoices evidencing the balances due for the post-petition Services will be provided to the Debtors upon request.

4

11 U.S.C. § 503(a) and (b). An administrative expense claim will be allowed where the expense arose post-petition and conferred a benefit on the debtor's estate. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003).

18.  Verizon Business provided the Services in the ordinary course of the Debtors' business as post-petition services that supported the Debtors' post-petition operations, the sale of substantially all of the Debtors' assets, and the Debtors' Chapter 11 liquidation efforts.

19.  Accordingly, pursuant to §§ 503(b)(1)(A) and 507(a) of the Bankruptcy Code, Verizon Business is entitled to allowance and payment of its post-petition claim in the amount of $85,657.87 as an administrative expense of the Debtors' estates.

WHEREFORE, Verizon Business Network Services LLC respectfully requests that this Court enter an order:

a)  finally allowing Verizon Business's administrative expense claim in the amount of $85,657.87 pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2); and

b)  directing payment of the full balance of the claim to Verizon Business by the Debtors; and

c)  granting such other and further relief as this Court deems just and equitable.

Dated: November 10, 2023

Respectfully submitted:

MCCARTER & ENGLISH, LLP

/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE Bar #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: 302-984-6300; Fax: 302-984-6399
wtaylor@mccarter.com

and

Darrell W. Clark
Tracey M. Ohm
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Tel: 202-785-9100; Fax: 202-785-9163
darrell.clark@stinson.com
tracey.ohm@stinson.com

*Counsel for Verizon Business Network Services LLC*

ME1 46684716v.1