# Exhibit A

**Proposed Order**

DE:4911-8654-9007.2 31213.001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GIGAMONSTER NETWORKS, LLC, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-10051 (JKS)<br><br>(Jointly Administered)<br>**Ref. Docket No.** \_\_\_\_ |

**ORDER SUSTAINING DEBTORS' THIRD OMNIBUS
OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS
(DISALLOW CLAIMS; REDUCE AND RECLASSIFY CLAIMS)**

Upon consideration of the *Debtors' Third Omnibus Objection (Substantive) to Certain Claims (Disallow Claims; Reduce and Reclassify Claims)* (the "Objection")² filed by the above-captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order (this "Order"), pursuant to pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, objecting to the Disallow Claims listed on **Schedule 1** to this Order and the Reduce and Reclassify Claims listed on **Schedule 2** to this Order, all as more fully set forth in the Objection; and the Court having reviewed the Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order

---

¹ The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. Each Disallow Claim identified on **Schedule 1** attached hereto is hereby disallowed.

4. Each Reduce and Reclassify Claim identified on **Schedule 2** attached hereto is hereby reduced as indicated on **Schedule 2** and reclassified to a general unsecured claim in its entirety.

5. The Debtors are authorized to update the claims register to reflect the relief granted in this Order.

6. The Debtors' rights to object in the future to any of the claims listed in the Objection on any ground, including, without limitation, substantive grounds, and to amend, modify, or supplement the Objection, including, without limitation, to object to amended claims and newly-filed claims, are hereby reserved.

7.	Each of the claims and the objections by the Debtors to such claims, as addressed in the Objection and as set forth on **Schedule 1** and **Schedule 2** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the claims.  Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8.	The Debtors and the Clerk of this Court are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.	The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.	This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

**Disallow Claims**

**GigaMonster Networks LLC**  Case 23-10051-JKS
*Schedule 1 to Third Omnibus Objection to Claims – Disallow Claims*

| Claimant | Debtor | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| BREIT MF Lake Vista LLC | GigaMonster Networks, LLC | 157 | Unknown | The proof of claim does not set forth an amount owed and does not establish a basis for any amount being owed. Therefore, the claim should be disallowed. |
| BCORE MF Breckinridge LP | GigaMonster Networks, LLC | 158 | Unknown | The proof of claim does not set forth an amount owed and does not establish a basis for any amount being owed. Therefore, the claim should be disallowed. |
| BREIT MF Sea Harbor LLC | GigaMonster Networks, LLC | 163 | Unknown | The proof of claim does not set forth an amount owed and does not establish a basis for any amount being owed. Therefore, the claim should be disallowed. |
| BREIT MF Arbour Square LLC | GigaMonster Networks, LLC | 168 | Unknown | The proof of claim does not set forth an amount owed and does not establish a basis for any amount being owed. Therefore, the claim should be disallowed. |
| BREIT MF The Greens LLC | GigaMonster Networks, LLC | 169 | Unknown | The proof of claim does not set forth an amount owed and does not establish a basis for any amount being owed. Therefore, the claim should be disallowed. |
| BREIT MF Park Ave LLC | GigaMonster Networks, LLC | 180 | Unknown | The proof of claim does not set forth an amount owed and does not establish a basis for any amount being owed. Therefore, the claim should be disallowed. |

## Schedule 2

**Reduce and Reclassify Claims**

**GigaMonster Networks LLC**     Case 23-10051-JKS
*Schedule 2 to Third Omnibus Objection to Claims – Reduce and Reclassify Claims*

| Claimant | Debtor | Claim No. | Total Amount | Priority Portion | Modified Claim Amount and Classification Status | Reason for Modification/Reclassification |
|---|---|---|---|---|---|---|
| Zaltech LLC DBA Raisecom | GigaMonster Networks, LLC | 79 | $290,794.70 | $53,385.04 | $275,794.70 (General Unsecured) | The Debtors made a payment of $15,000 on this claim. In addition, this claim relates to prepetition amounts owed, and none of the claim amount was incurred during the 20 days prepetition for purposes of section 503(b)(9) of the Bankruptcy Code. For these reasons, the claim should be reduced by $15,000 and reclassified to a general unsecured claim in its entirety. |
| BCORE MF Briargate LLC | GigaMonster Networks, LLC | 161 | $256,424.00 | Unknown | $256,424.00 (General Unsecured) | This claim relates to a contract, a copy of which is attached to the proof of claim, but there is no basis for any portion of the claim amount to receive priority treatment. Therefore, the claim should be reclassified to a general unsecured claim in its entirety. |
| BREIT MF Haven LLC | GigaMonster Networks, LLC | 162 | $468,323.00 | Unknown | $468,323.00 (General Unsecured) | This claim relates to a contract, a copy of which is attached to the proof of claim, but there is no basis for any portion of the claim amount to receive priority treatment. Therefore, the claim should be reclassified to a general unsecured claim in its entirety. |